IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V. STEVEN BOOTH, | CASE NO. CV F 09-0637 LJO SMS |
| Plaintiff, | **SUMMARY JUDGMENT DECISION** |
| vs. | (Doc. 7.) |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |
| _____/ | |

**INTRODUCTION**

Defendants Internal Revenue Service ("IRS") and United States of America (collectively "Government") seek summary judgment that pro se plaintiff V. Steven Booth's ("Mr. Booth's") failure to exhaust properly administrative remedies denies this Court jurisdiction over Mr. Booth's claim for production of IRS records under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, et seq. Mr. Booth filed no opposition papers. This Court considered the Government's summary judgment motion on the record and without a hearing or oral argument, pursuant to Local Rule 78-230(c), (h). For the reasons discussed below, this Court GRANTS the Government summary judgment.

**BACKGROUND**

**Mr. Booth's FOIA Request**

Mr. Booth sent two nearly identical March 3, 2009 letters addressed to:

1

District Director
c/o Internal Revenue Service
5104 N. Blyth Avenue, Suite 207
Fresno, CA 93722-6429
**Attn:** Disclosure Officer
RE: Request for Documents.

One letter is entitled "FREEDOM OF INFORMATION ACT REQUEST" and the other is entitled "PRIVACY ACT REQUEST." (Uppercase in original.) Each letter requested records regarding an IRS criminal investigation of Mr. Booth.

In late 2008, the IRS had moved from the location to which Mr. Booth addressed the letters and there is no current IRS office at the location. In her declaration, IRS senior disclosure specialist Kathlyne Morris ("Ms. Morris") states that she searched to verify whether the IRS received a March 3, 2009 letter from Mr. Booth. Ms. Morris declares: "I did not find any record of any letter received from V. Steven Booth by any IRS office across the county in the year 2009."

### Mr. Booth's Claims

On April 9, 2009, Mr. Booth filed this action to claim that the IRS failed to meet FOIA time limits to respond to his request. Mr. Booth seeks an order to compel the IRS to produce requested documents.

### DISCUSSION

### Summary Judgment Standards

The Government seeks summary judgment that Mr. Booth's action is barred in that Mr. Booth failed to send his FOIA request to the proper IRS office to exhaust administrative remedies.

F.R.Civ.P. 56(b) permits a "party against whom relief is sought" to seek "summary judgment on all or part of the claim." Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct. 1348; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

On summary judgment, a court must decide whether there is a "genuine issue as to any material fact," not weigh the evidence or determine the truth of contested matters. F.R.Civ.P. 56(c); *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598 (1970); *Poller v. Columbia Broadcast System*, 368 U.S. 464, 467, 82 S.Ct. 486 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1313 (9th Cir. 1984). The evidence of the party opposing summary judgment is to be believed and all reasonable inferences that may be drawn from the facts before the court must be drawn in favor of the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986); *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252, 106 S.Ct. 2505.

F.R.Civ.P. 56(e)(2) requires a party opposing summary judgment to "set forth specific facts showing that there is a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." "In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988). When a summary judgment motion is unopposed, a court must "determine whether summary judgment is appropriate – that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." *Anchorage Associates v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3rd Cir. 1990). A court "cannot base the entry of summary judgment on the mere fact that the motion is unopposed, but, rather must consider the merits of the motion." *United States v. One Piece of Real Property, etc.*, 363 F.3d 1099, 1101 (11th Cir. 2004). A court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

In a FOIA case, an agency may be granted summary judgment if its affidavits describe the documents and the justifications for nondisclosure with reasonably specific detail and are not controverted by contrary evidence in the record or by evidence of agency bad faith. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). As a general rule, "[d]iscovery in FOIA is rare

and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." *Schrecker v. Dep't of Justice*, 217 F.Supp.2d 29, 35 (D.D.C.2002), *aff'd*, 349 F.3d 657 (D.C.Cir.2003); *see also Judicial Watch, Inc. v. Dep't. of Justice*, 185 F.Supp.2d 54, 65 (D.D.C.2002) (noting that "[d]iscovery is not favored in lawsuits under the FOIA").

With these standards in mind, this Court turns to the Government's challenges to Mr. Booth's FOIA requests.

### FOIA Administrative Exhaustion

FOIA provides "a statutory right of public access to documents and records held by federal government agencies." *Gould, Inc. v. General Services Admin.*, 688 F.Supp. 689, 693 (D.D.C. 1988). "FOIA vests jurisdiction in federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139, 100 S.Ct. 960, 963 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). FOIA requires a records request to "reasonably" describe requested records and to comply with "published rules stating the time, place, fees (if any), and procedures to be followed." *See* 5 U.S.C. § 552(a)(3)(A). "[O]nly a valid FOIA request can trigger an agency's FOIA obligations, and . . . 'failure to file a perfected request therefore constitutes failure to exhaust administrative remedies.'" *Flowers v. Internal Revenue Service*, 307 F.Supp.2d 60, 67 (D. D.C. 2004) (quoting *Dale v. Internal Revenue Service*, 238 F.Supp.2d 99, 103 (D. D.C. 2002)).

"[F]ull and timely exhaustion of administrative remedies is a prerequisite to judicial review under FOIA." *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F.Supp.2d 111, 112 (D.D.C. 2001). "Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine." *In re Steele*, 799 F.2d 461, 465-66 (9th Cir.1986). Prior to seeking judicial review, a records requester must exhaust his/her administrative remedies, including filing a proper FOIA request. *Sands v. United States*, 1995 WL 552308, *3 (S.D. Fla. 1995); *see Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979).

If a records requester fails to exhaust administrative remedies, the lawsuit may be dismissed for lack of subject matter jurisdiction. *Heyman v. Merit Systems Protection Board*, 799 F.2d 1421, 1423

(9th Cir. 1986), *cert. denied*, 481 U.S. 1019 (1987); *Judicial Watch*, 160 F.Supp.2d at 112 ("Where plaintiff has failed to exhaust its administrative remedies prior to filing with the court, the case is subject to dismissal for lack of subject matter jurisdiction.") "The exhaustion of remedy rule is not satisfied by leapfrogging over any substantive step in the administrative process." *Tuchinsky v. Selective Serv. System*, 418 F.2d 155, 158 (7th Cir. 1969).

The Government notes that IRS regulations require a FOIA request to be addressed and mailed to the office of the IRS official who is responsible for the control of the records requested, regardless of where such records are maintained. *See* 26 C.F.R. § 601.702(c)(4)(i)(C). The Government explains that, under IRS regulations, a Central California resident must address his/her FOIA request to the IRS disclosure office in Oakland. *See* 26 C.F.R. § 601.702(h). The Government argues that Mr. Booth's FOIA request is invalid in the absence of IRS record of his March 3, 2009 letters given that Mr. Booth failed to comply with IRS regulations and mailed his letter to a building which the IRS no longer occupied. In the absence of a valid FOIA request, Government argues that this Court lacks jurisdiction to warrant summary judgment in its favor.

The Government is correct that Mr. Booth fails to invoke this Court's jurisdiction with his failure to comply with IRS regulations to send his FOIA request to the correct location. This Court construes Mr. Booth's lack of opposition as his concession that his FOIA request is invalid and fails to trigger FOIA obligations. Ms. Morris' declaration is unchallenged that there is no IRS record of a letter from Mr. Booth. The Government is entitled to summary judgment as a matter of law in the absence of disputed material facts.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS the Government summary judgment; and
2. DIRECTS the clerk to enter judgment in favor of defendants Internal Revenue Service and United States of America and against plaintiff V. Steven Booth and to close this action.

IT IS SO ORDERED.

**Dated:   July 9, 2009**                         /s/ Lawrence J. O'Neill

UNITED STATES DISTRICT JUDGE